IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:05CV210

| | |
|---|---|
| BEAR HOLLOW, L.L.C., A Florida Limited Liability Company, and DEAN DeSANTIS, Individually, </br></br>    Plaintiffs, </br></br> vs. </br></br> MOBERK, L.L.C., A North Carolina Limited Liability Company, MOBERK TWO, L.L.C., A North Carolina Limited Liability Company, STEVE MOBERG, Individually, and THEODORE V. BERK, JR., Individually, </br></br>    Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendant Berk's "Emergency Motion for Protective Order with Incorporated Memorandum of Law," which was submitted to the Court on March 14, 2006.[1]

On Monday, March 13, 2006, Defendant Berk retained new counsel, Philip J. Mandina. A Stipulation for Substitution of Counsel was sent to Defendant Berk's current counsel, James R. Fox, who agreed to execute the Stipulation and forward it to the Court for filing. Moreover, Defendant Berk's new counsel has prepared and sent a Motion to Appear Pro Hac Vice to be

---

[1] This Motion has not yet been filed with the Court. However, counsel for Defendant Berk advised the Court that the original Motion is being sent via FedEx for filing. In light of the time-sensitivity of this matter, the Court will rule on the Motion prior to its filing with the Court.

1

filed with the Court.[2]

Upon being retained as Defendant Berk's attorney, Philip Mandina learned that Plaintiff had scheduled the deposition of Kevin Cler for Wednesday, March 15, 2006, in Ft. Lauderdale, Florida. Mr. Mandina has not yet received Defendant Berk's file from James Fox, but an initial review of the available portions of the file lead Mr. Mandina to conclude that Mr. Cler is a pivotal witness to this case. Mr. Mandina contacted Plaintiff's Counsel, Charles Muller, and requested a postponement of Mr. Cler's deposition. Mr. Muller has refused to reschedule the deposition.[3]

Rule 26(c) provides in pertinent part as follows:

> Upon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make an order which justice requires to protect a part or person from annoyance, embarrassment, oppression, or undue burden or expense.

FED. R. CIV. P. 26(c). For the reasons stated in Defendant Berk's Motion and for good cause

---

[2] The Court was advised by Defendant Berk's new attorney that the Motion to Appear Pro Hac Vice was sent to the Court along with the original "Emergency Motion for Protective Order with Incorporated Memorandum of Law." The Court will not rule on the Motion to Appear Pro Hac Vice at this time.

[3] Mr. Muller's letter to Mr. Mandina does not give an explanation for his inability to reschedule the deposition. He simply states, "[p]lease be advised that under the circumstances we cannot agree to reschedule the deposition of Mr. Cler set for tomorrow." The Court talked with Mr. Muller to obtain his reasons for refusing to reschedule the deposition. The Court concludes that Mr. Muller's rationale for not rescheduling the deposition - including the fact that no local counsel has made an appearance on behalf of Defendant Berk, Mr. Cler's deposition was noticed five (5) weeks ago, the case has been pending since last summer, Mr. Muller believes it is a tactical decision by Defendant Berk to retain new counsel less than 48 hours prior to Mr. Cler's deposition, and the delay of discovery causing prejudice to Plaintiffs - are insufficient reasons for requiring this deposition to go forward tomorrow.

shown, the Court finds that a protective order is appropriate in these circumstances.[4]

**IT IS, THEREFORE, ORDERED** that Defendant Berk's "Emergency Motion for Protective Order with Incorporated Memorandum of Law" is hereby **GRANTED**. The deposition for Kevin Cler scheduled for March 15, 2006, is hereby <u>postponed</u> until a date agreed upon by the parties.

Signed: March 14, 2006

*Richard L. Voorhees*
Richard L. Voorhees
Chief United States District Judge

---

[4] Specifically, good cause is established where Mr. Mandina was retained as Defendant Berk's counsel yesterday, Mr. Mandina has not yet received the file from Defendant Berk's previous attorney, the Stipulation of Substitution of Counsel has not been filed in or accepted by the Court, Mr. Mandina has not yet been admitted pro hac vice to this Court, and the Agreed Discovery Schedule in this case allows the parties until October 20, 2006 to complete discovery.